UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. GORDON,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR OF GEORGIA, *et al.*,<br><br>Defendants. | Civil Action No. 26-918 (JEB) |

## MEMORANDUM OPINION

Plaintiff Robert A. Gordon, a resident of the District of Columbia proceeding *pro se*, filed this action that takes on the long and deplorable history of racial segregation and discrimination in the State of Georgia.  He alleges that historical Jim Crow laws and policies — including the segregation of public services and public accommodations, racially discriminatory zoning, and voting restrictions — have unjustly enriched the State in violation of the Equal Protection Clause and the Ninth Amendment.  See ECF No. 1 (Compl.), ¶¶ 17–25.  To remedy "ongoing, measurable economic injuries," id., ¶ 23, Plaintiff seeks several forms of judicial relief on behalf of a putative class of "[a]ll Black Americans who lived in Georgia between 1870 and 1965, and all direct descendants of such individuals." Id., ¶ 12; see also id. at 12–13.

As the case focuses entirely on acts in Georgia, the Court *sua sponte* required Plaintiff to explain why proper venue lies in the District of Columbia and not the Northern District of Georgia.  See Minute Order of Mar. 17, 2026.  Gordon principally replies that his ongoing injury while a D.C. resident renders venue here proper and that transfer is unwarranted.  See ECF No. 4

1

(Resp.) at ECF pp. 4–7.  As the Court disagrees and finds venue improper, it will transfer this case to the Northern District of Georgia.

## I.      Legal Standard

Venue is generally proper in a judicial district in which 1) "any defendant resides, if all defendants are residents of the State in which the district is located" or 2) "a substantial part of the events or omissions giving rise to the claim occurred[] or a substantial part of the property that is the subject of the action is situated."  28 U.S.C § 1391(b).  If no district satisfies either provision, then venue is also proper in 3) "any judicial district in which any defendant is subject to the court's personal jurisdiction."  Id.  The court may raise the issue of venue *sua sponte* and provide the relevant parties an opportunity to present their views on it.  Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); see also Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) ("[I]ssuance of an order to show cause is the most appropriate step prior to *sua sponte* transfer.").  At this stage, as it would at the motion-to-dismiss stage, the Court will accept Plaintiff's factual allegations as true and draw reasonable inferences in his favor, see Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002), but the Court need not accept Plaintiff's legal conclusions as true, id., and may consider material external to the pleadings.  Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).  Finally, "in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives."  Murdoch v. Rosenberg & Assocs., 875 F. Supp. 2d 6, 11 (D.D.C. 2012) (quotation marks omitted).

If the Court finds that venue is improper, it "shall dismiss [the case], or if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought."

2

28 U.S.C § 1406(a).  Although the decision to transfer or dismiss is committed to the district court's discretion, <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779, 789 (D.C. Cir. 1983), the interest of justice generally counsels a preference for transferring a case to the appropriate judicial district.  <u>See</u> <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466–67 (1962).  This is particularly true when the plaintiff proceeds *pro se*.  <u>See</u> <u>Fam v. Bank of Am. NA (USA)</u>, 236 F. Supp. 3d 397, 408 (D.D.C. 2017) ("[C]ourts have concluded that the presumption in favor of transfer is especially strong where a plaintiff files a complaint *pro se*.").  The transferring court must also ensure that the new venue is proper.  <u>See</u> 28 U.S.C. § 1406(a); <u>see also</u> <u>Abramoff v. Shake Consulting</u>, 288 F. Supp. 2d 1, 4 (D.D.C. 2003) (citing <u>Sharp Elecs. Corp. v. Hayman Cash Reg. Co.</u>, 655 F.2d 1228, 1230 (D.C. Cir. 1981)).

## II.    Analysis

The Court first considers whether venue exists in this district before assessing whether transfer is warranted.

### A.  <u>Venue</u>

Plaintiff prudently skips over § 1391(b)(1) in his Response, as there is no reason to believe that Defendants — the Governor and Attorney General of Georgia and the State of Georgia itself — reside in the District of Columbia.  <u>See</u> Resp. at ECF p. 4; Compl. at 1 (identifying Georgia addresses for individual Defendants).

Venue is also improper under § 1391(b)(2) because no "substantial part of the events or omissions giving rise to the claim[s] occurred" here.  Gordon correctly notes that the statute does not require him to file where the <u>most</u> substantial part of the relevant events occurred.  <u>See</u> Resp. at ECF p. 4; <u>see also</u> <u>Modaressi v. Vedadi</u>, 441 F. Supp. 2d 51, 57 (D.D.C. 2006).  The substantiality threshold, however, is not infinitely permissive: "plaintiffs must show that a

considerable portion of the events took place in their chosen forum." Perlmutter v. Varone, 59 F. Supp. 3d 107, 110 (D.D.C. 2014); see also Cockrum v. Donald J. Trump for President, Inc., 319 F. Supp. 3d 158, 190 (D.D.C. 2018) ("Peripheral and tangential events occurring in the district will not establish venue."). That threshold is not met here.

The Complaint catalogs few concrete "events," but virtually all of its factual allegations pertain to the institution and effectuation of unspecified Georgia laws and policies, reasonably certain to have occurred all but entirely within Georgia and not D.C. See Compl., ¶¶ 17–26. For example, without indications to the contrary, there is no reason to believe that operative events surrounding the administration of Georgia's schools, polls, and institutions of criminal justice occurred anywhere but the Peach State. See, e.g., id., ¶¶ 3, 18 (discussing statutes enacted in Georgia). The only factual circumstances that the Complaint specifies that occurred outside of that state relate to the allegedly disparate treatment Gordon experienced while employed at the Goddard Space Flight Center in Greenbelt, Maryland, see id., ¶¶ 34–37, but these discrete events bear a tangential relationship at best to Plaintiff's otherwise high-level allegations against the State of Georgia and Georgia officials. Nor did they occur in Washington.

Plaintiff contends that venue is nonetheless proper under § 1391(b)(2) because the continuous harms he allegedly experiences as a D.C. resident constitute a substantial part of the events giving rise to the claims. See Resp. at ECF pp. 4–5. Generally, however, the mere experience of injury in a judicial district is insufficient to establish venue there. See Friends of Earth v. Haaland, 2022 WL 185196, at *5 (D.D.C. Jan. 20, 2022) (rejecting argument that "the impacts of [federal] administrative decision alone made venue proper" in Louisiana); Abramoff, 288 F. Supp. 2d at 5 ("[T]he fact that the plaintiff may feel damages in the District of Columbia does not create venue.").

To be sure, courts have relied on the "locus of the injury" for the purposes of § 1391(b)(2) venue under some circumstances.  Myers v. Bennett L. Offs., 238 F.3d 1068, 1076 (9th Cir. 2001) (finding venue proper where plaintiff resides and experienced tort-like harm of Fair Credit Reporting Act violation); see also Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (finding venue proper where plaintiff resides because "harm does not occur until receipt of the collection notice" in Fair Debt Collection Practices Act case).  These circumstances, however, appear limited to cases in which the injury relied upon for venue is proximate to the alleged violation, not indefinite or attenuated.  See McClintock v. Sch. Bd. E. Feliciana Par., 299 F. App'x. 363, 365 (5th Cir. 2008) (In a § 1983 case, "[v]enue also cannot lie simply because a plaintiff continues to experience the psychological effects of an injury in a particular place" and challenged actions occurred in a different district.); Cranford v. Tenn. Steel Haulers, Inc., 2018 WL 3496428, at *9–10 (D. Md. July 20, 2018) (venue in negligence case proper where car accident occurred but not in different district where plaintiff resided and received medical treatment); see also 14D Wright & Miller's Federal Practice & Procedure § 3806 (4th ed. 2026) ("There is a tendency to conclude that suffering economic harm within a district is not by itself sufficient" for § 1391(b)(2) venue.).

This distinction makes sense: "otherwise venue almost always would be proper at the place of the plaintiff's residence, an option that Congress abolished in the general venue statute [in] 1990."  14D Wright & Miller's Federal Practice & Procedure § 3806 (4th ed. 2026).  In this case, Plaintiff alleges "ongoing economic, professional, reputational, and psychological injuries in the District of Columbia, where he resides."  Resp. at ECF p. 4.  As these largely economic and psychological injuries are attenuated from the events underlying the claims — and indeed portable with his residence — venue does not lie here under § 1391(b)(2).

Plaintiff next invokes the so-called fallback provision, § 1391(b)(3), contending that "[e]ven if Georgia is a locus of historical conduct, venue remains proper" in the District of Columbia.  Id. at ECF p. 5.  This provision, however, applies only when there is no proper venue in any district under § 1391(b)(1) or (2).  Because proper venue does lie in the Northern District of Georgia, as explained below, § 1391(b)(3) is inapplicable here.

B.  Transfer

As the Governor and Attorney General of Georgia both reside in that state and at least the former resides in Atlanta, which lies in its Northern District, venue is proper there under § 1391(b)(1).  (The State of Georgia is also a defendant.).  In addition, venue is also proper there under § 1391(b)(2) because many if not most of the events relevant to Plaintiff's claims occurred there, as host to the State's primary institutions of policymaking and enforcement.

Because this case could therefore have been brought in the Northern District of Georgia, the only remaining question is whether to transfer it there or to dismiss it.  See 28 U.S.C. § 1406(a).  Particularly given that Gordon is *pro se*, the Court believes that the interest of justice requires transfer, and it will so order.  In a last-gasp effort to keep the case in this district, Plaintiff submits that "[n]either [convenience nor justice] supports transfer."  Resp. at ECF p. 5. The Court, however, will not address the convenience and justice factors, having determined that improper venue in this district leaves it no alternative to transfer save dismissal.  See, e.g., Shorter v. United States, 2019 WL 3805788, at *2 (N.D. Fla. July 17, 2019); Creasman v. AT&T Mobility, LLC, 2010 WL 11595859, at *1–2 (C.D. Cal. Nov. 8, 2010).

## III.    Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order transferring the case to the Northern District of Georgia.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 2, 2026